UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Luis C., | File No. 26-cv-904 (ECT/EMB) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General, United States Department of Justice*; Kristi Noem, *U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, | |
| Respondents. | |

Frances Ivy Mahoney-Mosedale, Gustafson Gluek PLLC, Minneapolis, MN, for Petitioner Luis C.

Ana H. Voss and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Luis C. is an Ecuadorian citizen who has lived in the United States since October 14, 2023. Pet. [ECF No. 1] ¶ 30. "After initially detaining [Luis] within the U.S. after his arrival on October 14, 2023, DHS placed him in removal proceedings and issued an order of release on recognizance." *Id.* ¶ 2. Luis "applied for asylum shortly after entering the United States, and his application is currently pending before the Fort Snelling Immigration Court." *Id.* ¶ 30. Luis "has appeared at all hearings and complied with all scheduled ICE appointments." *Id.* According to the Petition, Luis "was convicted of a

DWI misdemeanor early this year," but he "has no other convictions." *Id.* ¶ 57. "Respondents arrested [Luis] in Bloomington, Minnesota on Monday, January 30, 2026," as part of "Operation Metro Surge." *Id.* ¶¶ 3, 33–34. Luis was arrested "without a warrant." *Id.* ¶ 8. The Petition asserts, "[u]pon information and belief," that Luis "is being detained by ICE in Minnesota." *Id.* ¶ 4. Respondents do not dispute the Petition's facts. *See* ECF No. 5 at 2, 7.

Luis challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 16. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 12, 54–60; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Luis, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment and the Immigration and Nationality Act. *See* Pet. ¶¶ 54–60. Among other relief, Luis seeks a declaration that his arrest and detention violate the Due Process Clause of the Fifth Amendment, the Fourth Amendment, and the INA and its implementing regulations; issuance of a writ of habeas corpus ordering his immediate release from custody "without restraints on his liberty beyond those that existed prior to his unlawful re-detention," or alternatively, directing Respondents to provide a bond hearing; issuance of an order prohibiting Respondents from seeking a stay of any order granting a bond; issuance of an order that Respondents cannot re-detain Luis without notice and a pre-deprivation hearing before this Court; a "[g]rant [of] bail pending the conclusion of the habeas review"; and

issuance of an order directing Respondents to return Luis to Minnesota if he has been transferred outside the state. Pet. at 22–23.

Acknowledging that the Petition "raise[s] legal and factual issue similar to those in prior habeas petitions that this Court has decided," Respondents argue that Luis's Petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 5 at 6–7. This raises an issue of statutory interpretation[1] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Luis has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir.

---

[1] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Luis's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Luis has lived in the United States for more than two years. *See* Pet. ¶ 30. His detention falls under § 1226(a) and not § 1225(b)(2).[2]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving

---

[2] Respondents do not argue that Luis is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Luis's detention. *See* ECF No. 5.

4

the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Luis alleges that he was arrested without a warrant. Pet. ¶ 8. Respondents were ordered to include in their answer "[w]hether the absence of a warrant preceding [Luis's] arrest necessitates [Luis's] immediate release." *See* ECF No. 3 at 2. Respondents have not produced a warrant, nor have they advanced any specific argument that Luis's release is an unwarranted remedy. *See* ECF No. 5 at 6–7 (acknowledging that "many judges in this District conclude the absence of a warrant preceding a petitioner's arrest necessitates immediate release").

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[3]

---

[3] The resolution of this statutory-interpretation question in Luis's favor makes it unnecessary to address the Petition's remaining grounds, including Luis's assertion that he

5

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Luis C.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as follows:

    a. If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

    b. If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 3, 2026, at 5:10 p.m.          s/ Eric C. Tostrud
                                                Eric C. Tostrud
                                                United States District Court

---

is entitled to release as a "member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.)," *see* Pet. ¶ 9; his claim that he was subject to substantive- and procedural-due-process violations, *id.* ¶¶ 38–53; and his argument that his arrest violated the Fourth Amendment, 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.3(d), *id.* ¶¶ 61–72.